ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
DEC 1 3 2005
at 2 o'clock and 30 min. P M
SUE BEITIA, CLERK

| | |
|---|---|
| NATHAN NAGATA, | ) |
| | ) CIV. NO. 02-00378 JMS/LEK |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) ORDER DENYING |
| QUEST DIAGNOSTICS | ) MOTION FOR PARTIAL |
| INCORPORATED, a California | ) RECONSIDERATION OF |
| Corporation, | ) ORDER REGARDING |
| | ) MOTIONS IN LIMINE |
| | ) |
| Defendant. | ) |

## ORDER DENYING MOTION FOR PARTIAL RECONSIDERATION OF ORDER REGARDING MOTIONS IN LIMINE

Defendant Quest Diagnostics Incorporated has moved this court to partially reconsider its November 23, 2005 order regarding the Defendant's motions in limine. Specifically, the Defendant asks the court to reconsider the denial of its Motions in Limine Numbers Eight and Nine. The motion is DENIED.

Defendant's Motion in Limine No. 8 asked the court to exclude any evidence of damages due to economic loss, lost wages, lost earnings, or lost earning capacity, based on the Plaintiff's alleged failure to comply with the disclosure requirements of Federal Rule of Civil Procedure Rule 26(a).

Defendant's Motion in Limine No. 9 sought an order from the court precluding reference to general damages for the same reason. The Defendant contends that the court's denial of the Defendant's motions "may have been premised on a manifest error of law and/or fact regarding the applicability of the mandatory disclosure requirements of Rule 26(a)(1) . . . to this case." The Defendant rests its contention on footnote four of the court's November 23 order, which stated:

> This motion [Defendant's Motion in Limine No. 8] asks the court, *inter alia,* to exclude any evidence of damages due to economic loss, lost wages, lost earnings, or lost earning capacity, based on the Plaintiff's alleged failure to comply with Federal Rule of Civil Procedure 26(a)'s disclosure requirements. At the November 21, 2005 hearing, however, the court asked the parties whether Rule 26(a) should even apply in this case given the prior version of Local Rule 26.1. Counsel for the Defendant "informed" the court that it was incorrect because Local Rule 26.1 had been amended by the time of the first scheduling conference. Contrary to counsel's assertion, however, this Local Rule was effective until December 1, 2002, and was therefore effective at the time of the parties' initial scheduling conference on September 16, 2002.

As the court explained at the hearing on November 21, 2005, however, the court's interpretation of Local Rule 26.1 was an alternative basis for the court's conclusion. Even if the Plaintiff had failed to comply with Fed. R. Civ. P. 26 (a question the court need not resolve), the Defendant's motion was correctly denied because excluding the evidence is not an appropriate remedy. There is no indication that the Defendant was harmed by the Plaintiff's actions, such that

exclusion is improper pursuant to Fed. R. Civ. P. 37(c). Furthermore, there is no indication that the Plaintiff has repeatedly refused to comply with the rules, nor is there any indication that the Plaintiff has engaged in the kind of abusive discovery tactics warranting such a severe sanction. *City & County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 220 (N.D. Cal. 2003) ("While Defendants cite a number of cases in which courts have excluded evidence or granted summary judgment for failure to make adequate disclosures, these cases do not define the specificity required by Rule 26(a)(1)(C). These cases involve extreme situations in which the defendant was either prejudiced by plaintiff's conduct or entitled to summary judgment because of lack of any supporting evidence.").

Therefore, even if the court had erred in interpreting Rule 26, Motions in Limine Numbers 8 and 9 were correctly denied. Consequently, the Defendant's motion for partial reconsideration is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 13, 2005.

J. MICHAEL SEABRIGHT
UNITED STATES DISTRICT JUDGE

*Nagata v. Quest Diagnostics, Inc.*, Civ. No. 02-00378 JMS/LEK; Order Denying Defendant's Motion for Partial Reconsideration of Order Regarding Motions in Limine